UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. 2:23-CR-522-2 |
| | § | |
| JESSICA LEE REYES-BORREGO | § | |
| | § | |
| | § | |

## ORDER

The Court previously stayed the imposition of Jessica Lee Reyes-Borrego's sentence pursuant to its inherent authority as recognized in *Ex Parte U.S.* (D.E. 445, p. 1–4) (discussing *Ex Parte U.S.*, 242 U.S. 27 (1916)). The purpose of that temporary stay was to allow the United States Probation Office to "gather information relevant to the Court's concerns" regarding the care and custody of Reyes-Borrego's minor children. *Id.* at 4. The Court has since received Probation's report. (D.E. 494).

After careful deliberation and consideration, the Court has determined that a further stay is appropriate in this case. That is because Reyes-Borrego's incarceration implicates "the most obvious concerns of humanity and public well-being," *Ex Parte U.S.*, 242 U.S. at 51, namely, the care of her minor children with Type 1 diabetes while both Reyes-Borrego and her husband are in custody. (D.E. 494, p. 1–5). Should both Reyes-Borrego and her husband serve custodial terms simultaneously, their diabetic children would be left without a parent-caretaker. A pediatric endocrinologist explained the dangers of this outcome:

> Parents [of children with Type 1 diabetes] typically receive extensive instruction from specialized pediatric diabetes teams and develop intimate knowledge that cannot be easily transferred to another caregiver. Because of the constant responsibility, high medical risk, and need for immediate decision-making, it is uncommon and often unrealistic to find a non-parent caregiver who is willing, available, and adequately trained to safely manage a child with Type 1 diabetes. Many potential caregivers understandably decline this responsibility due to fear of

1/3

medical emergencies, liability concerns, and the continuous demands involved. For these reasons, the parent or legal guardians is almost always the primary and most reliable caregiver for a child with Type 1 diabetes. *Delegating this care to others is frequently not feasible and may place the child at significant medical risk.*

(D.E. 494, p. 2) (emphasis added). Furthermore, Probation was unable to identify any suitable caretaker for the children, let alone one that might suitably function as a caretaker given their medical condition. *See id.* at 2–5.

In light of the evidence indicating a strong preference for parental care of minor children with Type 1 diabetes and Probation's inability to identify any other family member that might care for the children during their parents' terms of incarceration, the Court finds that the most obvious concerns of humanity and public well-being weigh in favor of staying Ms. Reyes-Borrego's sentence.[1]

Currently, Reyes-Borrego's husband has a projected release date in 2031, roughly five years from now. *Id.*; *see also Find an Inmate*, FED. BUREAU OF PRISONS (last accessed April 21, 2026), https://www.bop.gov/inmateloc/.

Accordingly, the Court **STAYS** Jessica Lee Reyes-Borrego's sentence until **two days** after her spouse, Marvin Antonio Reyes, 2:23-CR-00522-1, is released from Bureau of Prison custody.[2] The Court further **DIRECTS** the Bureau of Prisons to set Jessica Lee Reyes-Borrego's self-surrender date no later than **sixty (60)** days prior to the completion of Marvin Antonio Reyes's

---

[1] The Court reiterates its preference that defendants and their lawyers make the Court aware of circumstances that could affect the Court's sentencing discretion *before* the Court pronounces sentence, so that the Court's sentence can best serve the ends of justice. For example, some courts "stagger" the sentences of a spousal codefendant pair, such that one spouse can remain outside of custody to care for their children while the other serves their time. *See, e.g.*, *United States v. English*, 2:17cr338-MHT, 2:18cr122-MHT, 2020 WL 7774909, at *2 n.* (M.D. Ala. Dec. 30, 2020) (Thompson, J.).

[2] The Court notes that Marvin Antonio Reyes's behavior while in custody could operate to decrease or extend his custodial sentence through good or bad behavior. This stay will adjust commensurate with Marvin Antonio Reyes's custodial term insofar as his good behavior merits a reduction in sentence, such that if Marvin Antonio Reyes is released from custody prior to 2031, the stay of Jessica Lee Reyes-Borrego's sentence shall also lift at such time.

term of imprisonment. Finally, the Court reiterates, as it ruled orally, that Jessica Lee Reyes-Borrego is permitted to reside in and be supervised in the Eastern District of Texas. The Court does not otherwise change her conditions of release. (D.E. 47).

Finally, the Court retains jurisdiction and authority to modify or lift the stay for any reason, including Jessica Lee Reyes-Borrego's failure to comply with the requirements set by Probation, or where the ends of justice are otherwise better served by its modification or termination.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 29th, 2026

3/3